FILED
CHARLOTTE, NC
OCT 15 2024
US DISTRICT COURT
WESTERN DISTRICT OF NC

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>RICCO DORAL MCHAM, JR. | DOCKET NO. 3:24-cr-215-FDW<br><br>**BILL OF INDICTMENT**<br><br>Violations:  21 U.S.C. § 841(a)(1) |

### THE GRAND JURY CHARGES:

### COUNT ONE
(*Distribution of Fentanyl*)

On or about June 11, 2024, in Mecklenburg County, within the Western District of North Carolina, the defendant,

**RICCO DORAL MCHAM JR.,**

did knowingly and intentionally distribute a controlled substance, that is, forty (40) grams or more of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4 piperidinyl] propanamide ("fentanyl"), a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

#### Quantity of Fentanyl Involved

With respect to defendant **RICCO DORAL MCHAM, JR.**, the offense charged in Count One involved forty (40) grams or more of fentanyl. Accordingly, Title 21, United States Code, Section 841(b)(1)(B) applies.

## COUNT TWO
*(Possession with Intent to Distribute Methamphetamine)*

On or about July 10, 2024, in Mecklenburg County, within the Western District of North Carolina, the defendant,

**RICCO DORAL MCHAM JR.,**

did knowingly and intentionally possess with intent to distribute a controlled substance, that is, a quantity of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

(Remainder of page left intentionally blank)

## NOTICE OF FORFEITURE AND FINDING OF PROBABLE CAUSE

Notice is hereby given of 21 U.S.C. § 853, 18 U.S.C. § 924, and 28 U.S.C. § 2461(c). The following property is subject to forfeiture in accordance with Section 853, 924, and/or 2461(c):

(a) All property which constitutes or is derived from proceeds of the violations set forth in this bill of indictment;
(b) All property used or intended to be used in any manner or part to commit or facilitate such violations;
(c) All firearms or ammunition involved or used in such violations; and
(d) If, as set forth in 21 U.S.C. § 853(p), any property described in (a), (b), or (c) cannot be located upon the exercise of due diligence, has been transferred or sold to, or deposited with, a third party, has been placed beyond the jurisdiction of the court, has been substantially diminished in value, or has been commingled with other property which cannot be divided without difficulty, all other property of the defendant/s to the extent of the value of the property described in (a), (b), and (c).

A TRUE BILL

_____
FOREPERSON

DENA J. KING
UNITED STATES ATTORNEY

_____
BRANDON L. BOYKIN
ASSISTANT UNITED STATES ATTORNEY